# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711
ATTORNEY GENERAL


July 3, 1969

Honorable James Paul Shanks     Opinion No. M-427
County Attorney
County Courthouse
Baird, Texas

           Re:   Whether a Justice of the
                  Peace can order any person
                  other than a County Health
                  Officer or a practicing
                  physician to take a blood
                  sample from a body in order
Dear Mr. Shanks:             to ascertain cause of death

      You have requested our opinion concerning whether a Justice of the Peace may order any person other than a County Health Officer or a duly licensed and practicing physician to take a blood sample from a body in order to ascertain the cause of death.

      The statute pertinent to the question is set out as follows:

> Article 49.03, Vernon's Code of Criminal Procedure, as amended by House Bill No. 1354, 61st Legislature, Regular Session, 1969:
>
> "The justice of the peace may in all cases call in the County Health Officer, or if there be none or if his services are not then obtainable, then a duly licensed and practicing physician, and shall procure their opinions and their advice on whether or not to order an autopsy to determine the cause of death. If upon his own determination he deems an autopsy necessary, <u>the justice of the peace shall, by proper order, request the County Health Officer, or if there be none or if it be impracticable to secure his service, then some duly licensed and practicing physician who is trained in pathology to make an autopsy in order to determine the</u>

cause of death, and whether death was from
natural causes or resulting from violence,
and the nature and character of either of
them. The county in which such autopsy and
inquest is held shall pay the physician mak-
ing such autopsy a fee of not more than $300,
the amount to be determined by the Commis-
sioners Court after ascertaining the amount
and nature of the work performed in making
such autopsy. In those cases where a com-
plete autopsy is deemed unnecessary by the
justice of the peace to ascertain the cause
of death, he may by proper order, order the
taking of blood samples or any other samples
of fluids, body tissues or organs in order
to ascertain the cause of death or whether
any crime has been committed. In the case
of a body of a human being whose identity is
unknown, the justice of the peace may, by
proper order, authorize such investigative
and laboratory tests and processes as are
required to determine the identity as well
as the cause of death." (Emphasis added.)

Article 49.03 should be read in light of Article
49.01, Vernon's Code of Criminal Procedure, as amended by
Senate Bill No. 79, 61st Legislature, Regular Session, 1969,
which sets out the instances in which an autopsy is required
and names the officers authorized to order the same.

If the justice of the peace, or other officer authorized
under Article 49.01, deems an autopsy necessary, Article
49.03 specifically authorizes him to order the County Health
officer or a practicing physician trained in pathology to
perform it. The statute recognizes that there may be
instances where a complete autopsy is unnecessary, and in
those instances the justice of the peace or other authorized
officer may order a partial autopsy, that is, by the taking
of blood samples and other samples from the body for the
purpose of determining the cause of death or whether any
crime has been committed. As a whole, Article 49.03 deals
with autopsies, and regardless of whether the autopsy ordered
is complete or partial, the Legislature has provided that
only County Health Officers and duly licensed physicians
trained in pathology can be ordered to perform it.

Our conclusion is that under Article 49.03 a justice of the peace or other proper officer may not order anyone other than a County Health Officer or a duly licensed and practicing physician trained in pathology to take a blood sample from a body in order to ascertain cause of death.

## S U M M A R Y

Under Article 49.03, Vernon's Code of Criminal Procedure, as amended by House Bill No. 1354, 61st Legislature, Regular Session, 1969, a justice of the peace or other proper officer may not order any person other than a County Health Officer or a duly licensed and practicing physician trained in pathology to take a blood sample from a body in order to ascertain cause of death.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles R. Parrett
and Tom Neely
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Rick Fisher
Neil Williams
Bob Lattimore
W. O. Shultz

Hawthorne Phillips
Executive Assistant